UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____-CV-_____

Allison Armstrong,

    Plaintiff,

v.

Royal Caribbean Cruises Ltd. d/b/a
Royal Caribbean International,
Royal Caribbean Cruises Ltd.,
RCL Cruises Ltd.,
RCL (UK) Ltd.,
Royal Caribbean Cruzeiros (Brasil) Ltda.,
and Navigator of the Seas Inc.

    Defendant
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    COMES NOW Allison Armstrong ("Plaintiff"), complaining of Royal Caribbean Cruises Ltd. d/b/a Royal Caribbean International, Royal Caribbean Cruises Ltd., RCL Cruises Ltd., RCL (UK) Ltd., Royal Caribbean Cruzeiros (Brasil) Ltda., and Navigator of the Seas Inc. ("Defendants"), and, for cause of action, would respectfully show unto this Honorable Court as follows:

### I.  PARTIES

    1.01    Plaintiff Allison Armstrong, is a citizen of Texas and resident of Harris County, Texas.

1.02    Defendant Royal Caribbean Cruises Ltd. d/b/a Royal Caribbean International, is registered to do business in the State of Florida, with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132, and may be served with process in accordance with Rule 4(h), Federal Rules of Civil Procedure.

1.03    Defendant Royal Caribbean Cruises Ltd., is registered to do business in the State of Florida, with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132, and may be served with process in accordance with Rule 4(h), Federal Rules of Civil Procedure.

1.04    Defendant RCL Cruises Ltd., is registered in the United Kingdom, doing business in the State of Florida, with its principal place of business at Building 2, Aviator Park, Station Road, Addlestone, KT15 2PG, United Kingdom, and may be served with process in accordance with Rule 4(h), Federal Rules of Civil Procedure.

1.05    Defendant RCL (UK) Ltd., is a subsidiary of Royal Caribbean Cruises Ltd. with its principal place of business at Building 2, Aviator Park, Station Road, Addlestone, KT15 2PG, United Kingdom, and may be served with process in accordance with Rule 4(h), Federal Rules of Civil Procedure.

1.06    Defendant Royal Caribbean Cruzeiros (Brasil) Ltda., is doing business in the State of Florida, with its principal place of business at Av. Paulista, 37-13 andar, Bela Vista CEP 01311-902, Sao Paulo, and may be served with process in accordance with Rule 4(h), Federal Rules of Civil Procedure.

1.07   Defendant Navigator of the Seas Inc., is a subsidiary of Royal Caribbean Cruises Ltd. registered in Liberia, with its principal place of business care of Royal Caribbean Cruises Ltd., 1050 Caribbean Way, Miami, Florida 33132, and may be served with process in accordance with Rule 4(h), Federal Rules of Civil Procedure.

## II.  NATURE OF THE CASE

2.01   This is a suit for negligence arising out of an incident that occurred on or about June 9, 2015, onboard the *Navigator of the Seas* (the "Vessel"), wherein Plaintiff, a passenger aboard the Vessel, was injured as a result of the unseaworthy and unsafe conditions of the Vessel created by the Defendants; tortious and negligent conduct.

## III.  JURISDICTION AND VENUE

3.01   The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  Further, the amount in controversy exceeds $75,000, and Plaintiff and Defendants are diverse in citizenship.

3.02   Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV.  BACKGROUND

4.01   On or about June 7, 2015, Plaintiff and her minor son boarded the Vessel to enjoy a leisure vacation cruise.

4.02   At all relevant times, the Vessel was owned, operated, managed, and otherwise controlled by Defendants.

4.03   At all times material hereto, Plaintiff was an invitee while on the Vessel.

4.04    At all times relevant hereto, Plaintiff was on board Defendants' Vessel, *Navigator of the Seas*.  On the evening of June 9, 2015, Plaintiff's son became ill and vomited repeatedly in their stateroom.

4.05    Following her son's illness, Plaintiff contacted cruise staff to clean up their stateroom.  As part of the clean-up, cruise ship staff placed a carpet drier in the stateroom to dry wet areas of the floor.  After the floor was dry, cruise ship removed the carpet drier from inside the stateroom.

4.06    Later that evening, Plaintiff left her stateroom to get food for her son.  When she exited the stateroom, she was unable to see the fan, which had been placed by cruise ship staff, without her knowledge, outside her stateroom door, below her eye level.  As she tried to exit her doorway, she tripped on the fan and fell, severely injuring her shoulders, knees, neck and back.

4.07    At all times relevant hereto, Defendants were negligent in failing to maintain the floor of the Vessel in a reasonably safe condition, and in failing to warn the Plaintiff, an invitee and passenger aboard the Vessel, of the dangerous conditions existing outside her stateroom door.

4.08    As a result of Defendants' negligence and other acts and failures to act, Defendants caused Plaintiff to suffer a considerable amount of pain and suffering and mental anguish, and she continues to suffer today from the effects of her physical injuries and mental anguish, all of which have persisted for an extended period of time, or do continue to persist.

4.09    Plaintiff has provided Defendant(s) written notice of her claims for personal injury.

## V. CAUSE OF ACTION
*Negligence*

5.01  Plaintiff re-alleges paragraphs 4.01 through 4.09 as though fully set forth herein.

5.02  At all times material hereto, Defendants had a duty to exercise reasonable care for the safety of their passengers, including Plaintiff herein, to provide Plaintiff with a safe passage aboard a seaworthy vessel, and to exercise reasonable care and effort to avoid subjecting Plaintiff to suffering or inconvenience. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); *Hall v. Royal Caribbean Cruises, Limited*, 888 So 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; *citing Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411 71 U.S. 411, 18 L.Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). Defendants also owed a "duty to exercise reasonable care under the circumstances." *Harnesk v. Carnival Cruise Lines, Inc*. 1992 SMC 1472, 1991 WL 329584 (S.D. Fla. 1991). Defendants' "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *Carlisle v. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985); *Vierling v. Celebrity Cruises*, 339 F.3d 1309, 1319-20 (11th Cir. 2003).

5.03  Defendants, through their agents, servants and/or employees, breached their duty of care to the Plaintiff and were negligent in that such breach caused an unreasonably dangerous condition to exist under the circumstances.  Further, Defendants negligently maintained the premises in question, in that they provided an entry way that was defective and/or dangerous for its intended purpose, and/or failed to warn Plaintiff and fellow passengers of a dangerous and

hazardous condition about which they knew or should have known, and other acts of negligence which will be shown at trial.

5.04   Defendants either (a) created the dangerous condition through their agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

5.05   Defendants had constructive knowledge of the dangerous condition by, *inter alia*, (a) the length of time the dangerous condition existed; and/or (b) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable, and, in the exercise of reasonable care, Defendants should have known about same.

5.06   In the alternative, notice to Defendants is not required because Defendants (a) engaged in and were guilty of negligent maintenance; and/or (b) engaged in and were guilty of negligent methods of operation.

5.07   The negligent condition(s) was/were created by Defendants, known to Defendants, and had existed for a sufficient length of time so that Defendants should have known of same, and was a continuous or repetitive problem thus giving notice to Defendants. The negligent condition(s) occurred with sufficient regularity so as to be foreseeable by Defendants, and/or should have been foreseeable by Defendants.  In addition, the precautions needed to eliminate the risks caused by the dangerous condition were so slight, relative to the magnitude of the risk presented, and rendered Defendants' failure to adopt the necessary precautions to avoid

that risk unreasonable, and demonstrated Defendants' indifference to the risk of injury to Plaintiff, among other things.

    5.08    As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, all of which losses are either permanent or continuing in nature, and the Plaintiff will continue to suffer the losses in the future.

    5.09    Plaintiff's injuries were not caused by any contributing fault of her own, but solely by the unsafe condition of the Vessel brought about by the negligence of Defendants.

## VI. DAMAGES

    6.01    As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering; (h) loss of enjoyment of life; and (I) any and all other pecuniary and non-pecuniary damages to which Plaintiff may be entitled.

## VII. DEMAND FOR JURY

    7.01    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages herein, including, but not limited to, damages in an amount exceeding the jurisdictional limits of this Court; pecuniary and non-pecuniary damages, prejudgment and post-judgment interest; court costs; and any and all such other relief to which she may show herself to be justly entitled in law or in equity.

Dated: June 8, 2016                                   Respectfully submitted,

By: */s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Florida Bar No. 0085430
Email: mspagnoletti@spaglaw.com
**SPAGNOLETTI & CO.**
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    (713) 653-5600
Facsimile:    (713) 653-5656

**ATTORNEY FOR PLAINTIFF**